UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**    5:26-cv-03402-BFM                    **Date:**  June 30, 2026

**Title:**    *Roger Vieira Duarte v. James Janecka et al.*

=====================================================================

Present:   The Honorable <u>Brianna Fuller Mircheff, United States Magistrate Judge</u>

|  <u>Christianna Howard</u>  |  N/A  |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings:**    **(In Chambers) Order Granting Petition (ECF 1)**

Petitioner Roger Vieira Duarte filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 19, 2026. (ECF 1.) Respondents filed an Answer indicating that they did not oppose relief. (ECF 8.) The Court therefore declines to hold the Petition pending Petitioner's reply, and instead adjudicates the Petition based on the pleading already received. For the reasons stated below, the Petition (ECF 1) is **granted**.

## I.    Factual Background

Petitioner Roger Vieira Duarte is a noncitizen who is currently detained at the Adelanto Detention Facility, within the Central District of California. (ECF 1 ("Pet.") ¶ 16.) He is the beneficiary of a pending Violence Against Women Act self-petition; in December 2024, USCIS determined that his petition presented a prima facie case for relief under VAWA. (Pet ¶ 17.)

On May 7, 2026, an immigration judge at the Adelanto immigration court granted Petitioner's pre-conclusion voluntary departure request and ordered him to depart the United States by June 12, 2026. (Pet. ¶ 18.) The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**     5:26-cv-03402-BFM                    **Date:**   June 30, 2026

**Title:**      *Roger Vieira Duarte v. James Janecka et al.*

==================================================================

order specified that if Petitioner failed to depart by that date, the order would be withdrawn and an alternate order of removal would be issued. (Pet. ¶ 19.)

Petitioner has been in ICE custody throughout the voluntary departure period and was unable to effectuate his own departure. (Pet. ¶¶ 2, 20.) He attempted to make arrangements with ICE to depart the United States, but ICE refused to permit or facilitate his departure. (Pet. ¶ 21.)

The Petition alleges, among other things, that Petitioner is a class member of the class certified in *Immigration Center for Women and Children v. Noem*, Case No. 2:25-cv-09848-AB-AS, and that the Court has enjoined the government from detaining class members for immigration-enforcement purposes. (Pet. ¶¶ 3, 23.) Indeed, on June 15, 2026, ICE advised Petitioner's immigration counsel via email that because he was classified as a VAWA beneficiary, "he will not be staged for removal." (Pet. ¶ 22; *see also* ECF 1-1 (email exchange).)

## II.   Analysis

The Petition here should be granted based on Respondent's non-opposition to the relief sought. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

This conclusion follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for

Page **2** of **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-03402-BFM              **Date:**   June 30, 2026

**Title:**      *Roger Vieira Duarte v. James Janecka et al.*

==================================================================

decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (cleaned up). Moreover, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375-76 (cleaned up).  The Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions presented by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Here, Respondent is represented by competent counsel, has full access to all the relevant facts concerning Petitioner's detention, and declines to oppose Petitioner's bid for release. If Respondent, as the individual holding Petitioner in custody, does not put forward any lawful basis to justify Petitioner's detention, it would violate the party presentation principle for this Court to generate reasons on its own. Release is therefore appropriate.[1]

---

[1] While the Court relies primarily on the party presentation principle, the Court notes that Respondent's concession is not baseless, as Petitioner alleges he is—and appears to be—a member of the class certified in *Immigration Center for Women and Children v. Noem*, No. 2:25-cv-9848-AB-AS, 2026 WL 1455004, at  (C.D. Cal. May 20, 2026); *see also* ECF 1-1 at 1 (email indicating DHS agreed Petitioner was "classified as VAWA" and would "not be staged for removal").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**    5:26-cv-03402-BFM           **Date:**   June 30, 2026

**Title:**    *Roger Vieira Duarte v. James Janecka et al.*

=====================================================================

## III.   Conclusion

For these reasons, Count Two in the Petition (ECF 1) is **granted**. Petitioner Roger Vieira Duarte (A# 216-130-788) shall be immediately released from Respondents' custody on appropriate conditions of supervision.

Because it does not appear that Petitioner would be entitled to greater relief on Counts One, Three, and Four, the Court dismisses those claims as moot in light of the relief granted on Count Two.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:    ch